FILED
2022 Oct-11  PM 04:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIMMY RODGERS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE ACTION NO: |
| | ) | |
| CITY OF WARRIOR, | ) | |
| | ) | JURY TRIAL DEMANDED |
| DEFENDANT. | ) | |

## **COMPLAINT**

### I.     JURISDICTION AND VENUE

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 1337 (commerce) and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Defendant has been regularly engaged in interstate commerce in this District and has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 206-207 at all times relevant to this Complaint.

2.   Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a municipal corporation located in this judicial district and the unlawful pay acts giving rise to the claims herein occurred in this judicial district.

### II.     PARTIES

3.  Plaintiff, Jimmy Rodgers (hereinafter "Plaintiff" or "Rodgers") is a resident of Warrior, Blount County, Alabama, Plaintiff was an employee under 29 U.S.C. §

203(e)(2)(C) employed as a sergeant for the City of Warrior police department at all times relevant to these claims.

4.  Defendant, City of Warrior (hereinafter "Defendant" or "City") is a municipal corporation located within the Northern District of Alabama and was an employer under 29 U.S.C. § 203(d) at all times relevant to these claims. The City of Warrior operates the Warrior Police Department.

## III.   STATEMENT OF FACTS

5.  Plaintiff began his employment with the City of Warrior in 2012 as an Officer with the City of Warrior police department. In 2015 Defendant promoted Plaintiff to sergeant where he remained until the end of his employment. Plaintiff was an employee of a political subdivision of the State of Alabama.

6.  As a police sergeant, Plaintiff was employed by a public agency and engaged in the primary duty of law enforcement activities for the City of Warrior.

7.  During the time relevant to these claims, the Plaintiff was assigned to work and did work a regular, repeating schedule of 12 hour, 7am to 7pm shifts, consisting of 7 shifts in a 14-day period. Shifts rotated such that one-week Plaintiff worked Wednesday and Thursday, and the next week he would be off Wednesday and Thursday.

8.  Plaintiff's regular hourly rate for the last year of employment was $23.07 per hour making his applicable overtime rate $34.61 per hour of overtime.

9.  The City adopted and utilized the use of compensatory time in lieu of overtime pay as allowable under the FLSA with employees accruing overtime when working more than 86 hours over a 14-day period.

10.  Plaintiff worked hours in excess of the overtime threshold and accrued compensatory time, at a rate of 1.5 hours per hour of overtime worked.

11.  Another City Officer, Sandy, kept a tally of compensatory hours earned and used by Plaintiff and other City employees in the department.

12.  As of September 7, 2020, Officer Sandy reported to Plaintiff he had accrued 769 hours of compensatory time, 289 hours in excess of the maximum allowed under 29 U.S.C. § 207(o).

13.  The City did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate or $34.61 per hour for the 289 hours in excess of the 480 hour maximum.

14.  Plaintiff resigned from his position with the City effective November 1, 2020 – with his last day of employment being October 31, 2020.

15.  Upon his resignation, and to date, the City failed to pay Plaintiff his owed compensatory time due pursuant to 29 U.S.C. 207(o)(4).

16.  The City's actions are in violation of the provisions of the FLSA and have caused Plaintiff to suffer damages.

IV.    COUNT ONE – FLSA OVERTIME VIOLATIONS
(overtime)

17.  Plaintiff hereby adopts and incorporates by reference paragraphs 1-16 above as if fully stated herein.

18.  During the three years preceding the filing of this Complaint, the City operated as an enterprise engaged in activity of a public agency as defined by 29 U.S.C. § 203(s)(1)(C).

19.  During the three years preceding the filing of this Complaint, the City has employed individuals, including the Plaintiff, to perform services for the public agency.

20.  Plaintiff worked in excess of the hourly standards set by § 207 of the FLSA and 29 CFR § 553.230, and as such is entitled to overtime compensation at the rate of one and one-half times his regular hourly rate for each hour of overtime worked.

21.  The City failed to calculate the appropriate overtime rate and compensate Plaintiff appropriately.

22.  As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

V.    COUNT TWO – FLSA OVERTIME VIOLATIONS
(Compensatory time)

23.  Plaintiff hereby adopts and incorporates by reference paragraphs 1-16 above as if fully stated herein.

24.  As an employee of the City, Plaintiff accrued compensatory time in lieu of overtime.

25.  The City maintained records noting Plaintiff had accrued compensatory time of 769 hours, 289 over the 480 hours allotted under the FLSA.

26.  This overage of compensatory hours is included in Count One above.

27.  The City failed to pay Plaintiff his earned 480 hours of compensatory time upon the end of his employment.

28.  As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, denying him compensation earned and due.

## VI.    RELIEF

**WHEREFORE,** Plaintiff respectfully requests the following relief:

A.    The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.    This Court award Plaintiff the amount of his back overtime pay and due compensatory pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C.    That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

D.    For such other and further relief as this Court deems equitable, proper, and just.

PLAINTIFF REQUESTS TRIAL BY STRUCK JURY
ON ALL CLAIMS SO TRIABLE.

Respectfully Submitted,

*/s/ Leslie A. Palmer*
Leslie A. Palmer

OF COUNSEL:
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, Alabama 35233
(205) 285-3050
leslie@palmerlegalservices.com

**Request for Service by
Certified Mail:**

City of Warrior
c/o City Clerk
Demetra Mixon
215 Main Street North
Warrior, AL 35180